### EX PARTE CECIL CHAPMAN.

#### No. 4670.   Decided November 7, 1917.

**Habeas Corpus—Misdemeanor—Pauper's Affidavit—Punishment.**

Where defendant was convicted of a misdemeanor and a fine and costs were assessed against him, whereupon he filed a pauper's affidavit, sued out a writ of habeas corpus nineteen days thereafter claiming a discharge, and the facts showed on appeal from the record that he had been confined in jail for a sufficient length of time at the rate of $3 a day to be discharged, he not having been hired out or required to do work as stipulated in the statute, he was entitled to a discharge, and this although he had objected to being hired out and that another pay his fine.

Appeal from the County Court of Rains.   Tried below before the Hon. W. E. Rabb.

Appeal from a habeas corpus proceeding refusing to discharge defendant from jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The relator was convicted of a misdemeanor, the fine and costs amounting to $52.70. This occurred on the 2nd day of July, 1917. On July 20th he applied for a writ of habeas corpus, which was granted, and set down for the following day. Upon hearing he was remanded to custody. On the 2nd of July, the day of conviction, he filed a pauper's affidavit of his inability to pay the fine and costs. He remained in jail, except one-half of the day of July 21st, the day following the granting of the writ, when he was at work on the town streets. He was employed, or ordered by the county judge, to wait on a lunatic in the jail five or six days of the time while

incarcerated. Under the unbroken line of decisions, as we understand them, relator is entitled to his discharge. He has been in jail with the exception of half a day, so far as the agreed statement of facts is concerned, from the time of his conviction to the time of the rendition of the judgment, and, of course, is still in jail. Under the statute, the predicate which forms the basis of his affidavit, he was entitled to $3 a day unless the proper county authorities hired him out as a convict or required him to do work as stipulated in the statute. This was not done. These matters devolve upon the county authorities. His objection to working on such improvements, or to do the work required of him by the authorities, or be taken out as a convict under proper bond, is a thing which he can not resist. He is under the law bound to obey the authorities with reference to those matters in accord with the statute.

It is also agreed in the statement of facts that his father paid $10 of the fine and costs, which would reduce it to $42.70. He was in jail about nineteen days, which amounted to $57 at $3 a day. It is also stated in the agreed facts that his father offered to pay the fine and costs for relator if relator would promise he would not get into any more trouble voluntarily, which relator declined. If his father had paid the fine and costs, the judgment would have been settled, but this was not done. The declined offer did not substitute the law. We are of opinion that the court should have discharged relator.

This court, therefore, will reverse the finding of the trial court and order the discharge of relator from custody.

*Relator discharged.*