EX PARTE TROY POLLY.

No. 12292.   Delivered February 27, 1929.

The opinion states the case.

*Harold M. Hankamer* of El Paso, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—On the 24th day of July, 1928, appellant was convicted of a misdemeanor in the county court at law of El Paso County and his punishment assessed at imprisonment in the county jail for thirty days. The costs taxed against him amounted to $185.55. He was placed in jail on the 26th day of July and on the 30th day of October sought release by habeas corpus proceedings before the judge of the court in which he was convicted. From an order remanding him appellant prosecutes this appeal.

A decision of the question presented depends upon the construction of present Article 793, C. C. P., as amended by Chapter 68, page 194, First Called Session, 40th Legislature, which reads as follows:

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article, or if there be no such workhouse, farm or improvement, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at One Dollar for each day thereof; *provided that the provisions of this Act shall not apply to counties not having poor farms.*"

We have underscored the last sentence for convenience in further discussion. Prior to the amendment the article in question read substantially as it does now except it provided that the credit allowed should be at the rate of three dollars per day, and the underscored portion was not in the article originally.

The evidence upon the habeas corpus hearing developed that El Paso County owned a county farm consisting of two hundred and two acres but that all tillable land had been leased; the "institutional

houses" and "hospital buildings" had been retained by the county. The county did not use the farm for working prisoners, only indigent people being kept there. It is clear that El Paso County had no such workhouse, farm or public improvements as was contemplated by Articles 793 and 794 C. C. P. upon which to work the county convicts.

Appellant presents the proposition that the facts show that El Paso County had no "poor farm" as designated by the underscored sentence found in Article 793, and contends that said Article before the amendment—in which a credit at the rate of three dollars per day was allowed—should be given effect in determining the length of time which appellant could be held in jail. This is not tenable. Present Article 793 entirely supersedes the old article and there is no warrant for claiming an allowance of three dollars per day credit while appellant was in jail.

·Another proposition is that the last sentence of said article having provided that it should not apply to counties not having "poor farms" has no application to El Paso County under the undisputed facts. We confess that we have been at a loss to construe the meaning of the underscored proviso relating to "poor farms." Article 794 C. C. P. authorizes the erection of workhouses and the establishment of a county farm for utilizing the labor of misdemeanor convicts and also provides that they may be put to labor upon the public road, bridges or other public works of the county when their labor can not be utilized in the county workhouse or on the county farm. Nowhere else than in the underscored proviso do we find "poor farms" mentioned. It could have no reference to the place where the indigent are kept for that is no place for county convicts. The article in question is positive in its terms that if there be no workhouse, county farm or public improvement in the county the convict shall be kept in jail until the fine and costs are discharged at the rate of one dollar per day. We are forced to conclude and hold that the underscored proviso in Article 793 is meaningless. It adds nothing to nor takes anything from what precedes it, and said article must be construed as though the proviso in question was not there.

It is further contended by appellant that Article 793 C. C. P. relates only to one whose punishment has been assessed at a pecuniary fine, and because appellant's punishment was assessed at confinement in jail said article has no application whatever to his case. In connection with Article 793, Articles 783, 784, 795 and 796 C. C. P.

must also be taken into consideration. Articles 783 and 784 are as follows:

"When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also; that execution may issue against the property of such defendant for the amount of such fine and costs.

"If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."

Article 796 reads:

"A capias issued for the arrest and commitment of one convicted of a misdemeanor, the penalty of which or any part thereof is imprisonment in jail, shall recite the judgment and command the sheriff to place the defendant in jail, to remain the length of time therein fixed; and this writ shall be sufficient to authorize the sheriff to place such defendant in jail."

Certain provisions of Article 794 C. C. P. may also be looked to but we think it unnecessary to recite them here. Our construction of the various articles referred to leads to the conclusion that one who has been convicted of a misdemeanor and his punishment assessed at imprisonment in the county jail of a county where the commissioners' court has made no provision for a workhouse or a county farm, or there is no public improvement, such as are contemplated by Articles 793 and 794—such convict may be kept in the county jail for the term of his jail sentence and for such further time as will discharge the costs properly taxed against him at the rate of one dollar per day. The first point considered in Ex parte Spiller, 63 Tex. Cr. R. 93, is exactly the one here presented. It was decided against the contention made by appellant and appears to us to be sound. We express no opinion here upon the second question decided in Spiller's case. It is discussed and overruled in No. 12259, W. T. Hill opinion this date. See also Ex parte Dockery, 38 Tex. Cr. R. 293; Ex parte Stephens, 59 Tex. Cr. R. 177.

At the time appellant sought release he had been in jail ninety-six days. His jail sentence of 30 days plus the costs of $185.55 rated

at one dollar per day would require two hundred fifteen days to discharge the penalty and costs against him. The trial judge therefore properly declined to release appellant.

The judgment is affirmed.

*Affirmed.*