EX PARTE HENRY ROWLEY.

No. 11848.   Delivered March 20, 1929.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.

*Wayne Somerville,* County Attorney, *Geo. W. Anderson,* Assistant County Attorney, of Wichita County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from an order of the judge of the County Court at Law of Wichita County refusing to discharge the appellant in a habeas corpus proceeding.

On the 18th day of January, 1928, the appellant was convicted of a misdemeanor. The penalty assessed was $100.00 fine and the

164

cost of the proceeding totaling $138.50. He sought a release upon the theory that under the law he was entitled to credit at the rate of $3.00 per day and that by that measure the judgment against him had been satisfied by confinement. It is the contention of the State that his credit should be but $1.00 per day. The appellant relied upon the amendment of Art. 793, C. C. P., contained in Chap. 68, Acts of the 40th Leg., 1st Called Session. Before its amendment, Art. 793, supra, provided for a credit of $3.00 per day under certain circumstances. As amended the allowance was reduced to $1.00 per day, the act containing a proviso in these words:

"Provided that the provisions of this Act shall not apply to counties not having poor farms."

The facts present the exact legal question decided by this court in the case of Ex parte Troy Polly, No. 12,292, not yet reported, in which it was held that Art. 793, as it appears in the Code of Criminal Procedure, 1925, was superseded by its amendment in Chap. 68, p. 194, 40th Leg., 1st Called Session, supra, and that thereby the authority for the allowance of $3.00 per day was repealed, and further deciding that the proviso quoted was meaningless. In view of the comprehensive discussion of the matter in the Polly case, supra, to which reference is made, further remarks in the present instance are deemed unnecessary.

The judgment is affirmed.

*Affirmed.*