### Ex Parte Ethel Heptinstall.

No. 14404.   Delivered April 29, 1931.
Rehearing Denied June 10, 1931.

The opinion states the case.

*Martin, Shipman & Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—This is an appeal from an order of the district judge of the 42d Judicial District of Texas refusing to release relator under habeas corpus proceeding.

There was pending in the district court of Taylor county an indictment charging one Ed Bloss with rape upon Ethel Heptinstall. The case was called for trial on the 3rd day of February, 1931, a jury selected, the indictment read and the defendant's plea of "not guilty" entered and the witnesses sworn. The state called to the witness stand the alleged injured female, the relator here. After giving her name and place of residence, she refused to testify to any material facts about which she was interrogated. She was asked by the trial judge if she understood the consequences of her refusal to testify and assured him that she did. She refused to answer material and pertinent questions propounded both by the court and the district attorney. She positively told the court that she would continue to refuse to answer, whereupon the court held her in contempt, and punished her by a fine of $100 and three days in jail.

On the 9th day of February application was made for a writ of habeas corpus, which was issued and a hearing thereon was had the same day and relator remanded to the custody of the sheriff. The judgment of contempt and the committment issued thereunder by virtue of which the sheriff held relator were regular. There was no claim that the fine assessed, as part of the punishment, had been satisfied. No brief for

relator has been furnished and we have been unable to ascertain from the record any basis for her demand for release. She appears to have been in flagrant contempt of the court.

The judgment remanding relator is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The penalty assessed is that which, under the statute, is within the discretion of the court rendering the judgment of contempt, that is to say, by confinement in jail for three days and a fine of $100. This not being a civil but a criminal contempt (Ex parte Robertson, 27 Texas App., 628), the fine, if not reduced by a judgment of the court in which it was entered, must be paid or satisfied in the same manner as prescribed by law for the satisfaction of a conviction for a misdemeanor, that is to say, by confinement in the county jail and the fine reduced at the rate of one dollar per day, as provided by chapter 68, Acts of 40th Leg., 1st Called Session, page 195, as construed in Ex parte Rowley, 112 Texas Crim. Rep., 163; Ex parte Polly, 111 Texas Crim. Rep., 431; Ex parte Young, et al., 103 Texas Crim. Rep., 470.

Judicial decisions on the subject of contempt are numerous and variant in many particulars. See Corpus Juris, vol. 13, p. 4. In this state, an appeal does not lie from a judgment of contempt, but if the judgment is one of which the court is without jurisdiction to enter, relief by way of habeas corpus is available. See Ex parte Degener, 30 Texas Crim. Rep., 566; Ex parte Tinsley, 37 Texas Crim. Rep., 517. Doubtless, through habeas corpus, courts could relieve against confinement on a contempt judgment imposing cruel and unusual punishment forbidden by article 1, section 13 of the state Constitution. See Ruling Case Law, vol. 6, p. 524, sec. 37. Ordinarily, relief against a contempt judgment is not within the pardoning power of the executive. See Sharp v. State, (Tenn.) 49 S. W., 752, in which many cases are cited upon the subject. See also Taylor v. Goodrich, 25 Texas App., 109, 40 S. W., 515; Ruling Case Law, vol. 6, p. 538, sec. 51. The decisions of this court, by implication, seem to indicate that the power to modify a judgment of contempt rests with the court entering the order. See Texas Jur., vol. 9, p. 614, sec. 29.

The motion for rehearing is overruled.

*Overruled.*