### EX PARTE CLEMENTE FERNANDEZ.

No. 15891. Delivered February 15, 1933.
Reported in 57 S. W. (2d) 578.

The opinion states the case.

*Charles J. Stein,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—By way of habeas corpus the appellant sought release from jail and appeals from an order denying such relief. He was convicted in the justice court, precinct No. 1, Nueces County, of a misdemeanor and his penalty assessed at a fine of $50 and costs amounting to $16.

On February 4th, after remaining in jail continuously for twenty-four days, the appellant applied to the district court of Nueces county for a writ of habeas corpus and for his release, reliance being had upon article 920, C. C. P. 1925, which reads as follows:

"A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1. That he is too poor to pay the fine and costs, and

"2. That he has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and a justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

The statutory provisions with reference to the circumstances under which one convicted of a misdemeanor may be discharged are confusing to some degree. In article 793, C. C. P., 1925, it is provided that, when one was convicted of a misdemeanor and his penalty assessed at a fine which he was unable to pay, he could satisfy his fine by remaining in imprisonment until his debt was satisfied, with credit at the rate of $3 per day. This statute was amended by the Acts of the 40th Legislature, First Called Session, chap. 68, sec. 1, in which it was declared that where a convicted person was unable to pay his fine he would secure his discharge by serving the time in jail at the rate of one dollar per day. In several cases it has been held that under the amendment mentioned one would be required to serve time in jail at the rate of *one dollar* per day until the balance of his sentence was covered. See Ex parte Hill, 111 Texas Crim. Rep., 426, 15 S. W. (2d) 14; Ex parte Polly, 111 Texas Crim. Rep., 431, 15 S. W. (2d) 16. The matter was discussed at some length in the case of Ex parte Rowley, 112 Texas Crim. Rep., 163, 15 S. W. (2d) 1118. In the case of Ex parte Polly, supra, the conviction was in the El Paso county court at law. In Ex parte Hill, the conviction was in the district court of Falls

county. In Ex parte Rowley, the conviction was in the county court at law of Wichita county.

The relator in the present appeal, as stated above, was convicted in the Justice court of Nueces county.

The chapter in which article 920, supra, appears, is one having reference to a judgment of conviction in a criminal action before a justice of the peace. From what has been said it is apparent that the statutory enactments make a distinction on the subject in hand with reference to the conviction of a misdemeanor before the justice of the peace and the conviction of a misdemeanor in courts of higher jurisdiction. The reason for the distinction may be only a matter of conjecture. Since the statutory direction was definite in its terms, the duty of the court to aply it as written is mandatory. However, it may be said that the justice courts are limited by the Constitution in criminal matters to a fine not exceeding $200, while under article 5, section 16, other courts are given jurisdiction in misdemeanors of much higher grade and with penalties far more severe.

From the foregoing, it is plain that the relator having been convicted in the justice court, being too poor to pay his fine, and having remained in jail more than ten days and for a time sufficient to discharge his fine, it is thought that the relator's application for a writ of habeas corpus should have been granted.

The case of Ex parte Chapman, 82 Texas Crim. Rep., 119, 198 S. W., 575, seems clearly in point as supporting the relator's contention that he was entitled to his release.

The judgment denying the release is reversed and the relator ordered discharged.

*Judgment reversed and relator ordered discharged.*