## Ex Parte S. E. McLaughlin.

No. 16068.   Delivered May 24, 1933.
Reported in 60 S. W. (2d) 786.

The opinion states the case.

*Wilchar & Wilchar,* of El Paso, for appellant.

*J. H. McBroom, S. A. Sackett,* and *Theodore Joseph,* all of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—By way of habeas corpus the appellant sought release from jail and appeals from an order denying such relief.

Appellant was convicted in the corporation court of El Paso for the offense of drunkenness in a public place, and his fine assessed at thirty dollars. No costs were adjudged against him. Being too poor to pay his fine, appellant was remanded to the city jail. On May 4, 1933, he had been confined in jail for a period of ten days. On the date last mentioned a writ of habeas corpus was granted, and on the 8th day of May, 1933, after a hearing, an order was entered remanding him to the city jail, there to be confined until he had served sufficient time to discharge the fine of thirty dollars at the rate of one dollar per day for each day of confinement. Appellant was not released under bond pending his appeal, and has been in the city jail until this date.

Under an ordinance of the city of El Paso, it is provided that when one is convicted of a misdemeanor and his punishment assessed at a pecuniary fine, in case of nonpayment, he shall be committed to jail and shall work on the alleys, avenues,

streets, etc. Further, it is provided that he shall be allowed at the rate of one dollar per day for each and every day that he may so work, and that such sum shall be applied to the payment of the fine and costs. Appellant contends that the ordinance is invalid, in that it is inconsistent in its provisions with article 920, C. C. P., 1925, which reads as follows:

"A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1.   That he is too poor to pay the fine and costs, and

"2.   That he has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and a justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

It is observed that in article 793, C. C. P., 1925, as amended by the Acts of the 40th Legislature, First Called Session, chapter 68, it is provided that when one has been convicted of a misdemeanor, and his penalty assessed at a fine which he is unable to pay, he may satisfy such fine by remaining in imprisonment until his debt is satisfied, with credit at the rate of one dollar per day. In Ex parte Fernandez, 57 S. W. (2d) 578, we held that article 793, as amended, was not applicable to convictions before justices, the conclusion being reached that article 920, C. C. P., 1925, which we have heretofore quoted, alone was applicable to convictions before the justice of the peace. Citing the Fernandez Case, appellant contends that article 920, C. C. P., is a general law applicable to both corporation courts and courts of justices of the peace; and, further, that the ordinance of the city of El Paso, to which reference has been made, is inconsistent with such general law.

The ordinance is not inconsistent with the provisions of article 793, C. C. P., 1925. In Ex parte Jones, 290 S. W., 177, the contention was made that an ordinance of the city of Dallas allowing a credit of fifty cents per day on a fine which was being discharged by imprisonment was inconsistent with the general law as it then existed; the allowance under the general law at the time being three dollars per day. In holding that the statute was inconsistent with article 793, C. C. P., 1925, we referred to the fact that article 793 appeared to be the only general law relating to the allowance, and concluded that the relator was entitled to his discharge because of the fact that

he had labored a sufficient length of time at the rate of three dollars per day, as then provided for in article 793, to pay his fine and costs. In view of the holding in Jones Case, we are constrained to hold that the ordinance is not inconsistent with general law. Article 920 applies alone to convictions before justices of the peace.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.