

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. E. T. Burns
County Attorney
Walker County
Huntsville, Texas

Dear Sir:

> Opinion No. O-1719
> Re: Are officers having costs in a
> misdemeanor case entitled to
> one-half their fees under Arti-
> cle 1055, C. C. P., where court
> assesses penalty at jail impri-
> sonment and no fine?

This Department is in receipt of your letter of November 20, 1939. We have re-stated your question as above shown. We quote from your letter as follows:

> "The question I wanted to be answered
> and determined by your department was whether
> or not, in a case where it is optional to
> give a fine and jail sentence and the court
> assesses a jail penalty only, the officers
> are entitled to one-half of their fees."

Article 1055, Code of Criminal Procedure of Texas, as amended by H. B. 205, 46th Legislature of Texas reads as follows:

> "The county shall not be liable to the
> officer and witness having costs in a mis-
> demeanor case where defendant pays his fine
> and costs. The county shall be liable for
> one-half of the fees of the officers of the
> Court when the defendant fails to pay his
> fine and lays his fine out in the county
> jail or discharges the same by means of work-
> ing such fine out on the county roads or on
> any county project. And to pay such half of
> costs, the County Clerk shall issue his war-
> rant on the County Treasurer in favor of such
> officer to be paid out of the Road and Bridge

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. R. T. Burns, Page 2

Fund or other funds not otherwise appro-
priated."

Article 783, Code of Criminal Procedure of
Texas reads as follows:

"When the defendant is only fined the
judgment shall be that the State of Texas
recover of the defendant the amount of such
fine and all costs of the prosecution, and
that the defendant, if present, be committed
to jail until such fine and costs are paid;
or if the defendant be not present, that a
capias forthwith issue, commanding the sheriff
to arrest the defendant and commit him to
jail until such fine and costs are paid; also,
that execution may issue against the property
of such defendant for the amount of such fine
and costs."

Article 784, Code of Criminal Procedure of
Texas reads as follows:

"If the punishment is any other than
a fine, the judgment shall specify it, and
order it enforced by the proper process.
It shall also adjudge the costs against the
defendant, and order the collection thereof
as in other cases."

Article 793, Code of Criminal Procedure of
Texas reads as follows:

"When a defendant is convicted of a
misdemeanor and his punishment is assessed
at a pecuniary fine, if he is unable to pay
the fine and costs adjudged against him, he
may for such time as will satisfy the judg-
ment be put to work in the workhouse, or on
the county farm, or public improvements of
the county, as provided in the succeeding
Article, or if there be no such workhouse,
farm or improvements, he shall be imprison-
ed in jail for a sufficient length of time
to discharge the full amount of fine and
costs adjudged against him; rating such labor
or imprisonment at Three Dollars ($3) for
each day thereof;...."

Hon. R. T. Burns, Page 3

Article 794, Code of Criminal Procedure of Texas, reads as follows:

"Where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine and costs adjudged against him, those so convicted shall be required to do manual labor in accordance with the provisions of this article under the following rules and regulations:

"1. Each commissioners court may provide for the erection of a workhouse and the establishment of a county farm in connection therewith for the purpose of utilizing the labor of said parties so convicted.

"2. Such farms and workhouses shall be under the control and management of the commissioners court, and said court may adopt such rules and regulations not inconsistent with the laws as they deem necessary for the successful management and operation of said institutions and for effectively utilizing said labor.

"3. Such overseers and guards may be employed under the authority of the commissioners court as may be necessary to prevent escapes and to enforce such labor, and they shall be paid out of the county treasury such compensation as said court may prescribe.

"4. Those so convicted shall be so guarded while at work as to prevent excape.

"5. They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm.

"6. They shall be required to labor not less than eight nor more than ten hours each day, Sundays excepted. No person shall ever

Hon. R. T. Burns, Page 4

be required to work for more than one year.

"7. One who refuses to labor or is
otherwise refractory or insubordinate may
be punished by solitary confinement on
bread and water or in such other manner as
the commissioners court may direct.

"8. When not at labor they may be con-
fined in jail or the workhouse, as may be
most convenient, or as the regulations of
the commissioners court may prescribe.

"9. A female shall in no case be re-
quired to do manual labor except in the
workhouse.

"10. One who from age, disease, or
other physical or mental disability is un-
able to do manual labor shall not be requir-
ed to work, but shall remain in jail until
his term of imprisonment is ended, or until
the fine and costs adjudged against him are
discharged according to law. His inability
to do manual labor may be determined by a
physician appointed for that purpose by the
county judge or the commissioners court, who
shall be paid for such service such compeh-
sation as said court may allow.

"11. One convicted of a misdemeanor
whose punishment either in whole or in part
is imprisonment in jail may avoid manual
labor by payment into the county treasury
of one dollar for each day of the term of
his imprisonment, and the receipt of the
county treasurer to that effect shall be
sufficient authority for the sheriff to de-
tain him in jail without labor."

Article 795, Code of Criminal Procedure of
Texas, reads as follows:

"When, by the judgment of the court, a
defendant is to be imprisoned in jail, a
certified copy of such judgment shall be
sufficient authority for the sheriff to

Hon. R. T. Burns, Page 5

place such defendant in jail."

Article 796, Code of Criminal Procedure of Texas, reads as follows:

"A capias issued for the arrest and commitment of one convicted of a misdemeanor, the penalty of which or any part thereof is imprisonment in jail, shall recite the judgment and command the sheriff to place the defendant in jail, to remain the length of time therein fixed; and this writ shall be sufficient to authorize the sheriff to place such defendant in jail."

We quote from 11 Texas Jurisprudence, Costs, Chapter XIII, In Criminal Prosecutions, Section 92, page 396, as follows:

"Article 784 of the Code of Criminal Procedure provides that 'where the punishment is .... other than a fine the judgment shall....adjudge the costs against the defendant, and order the collection thereof as in other cases.' In view of this provision, the State may recover the amount of the fine and costs in the manner provided for, which may include several methods. It was intended by the use of the word 'collection' in the latter part of Article 784, supra, not to restrict the collection of costs to an execution only, but to permit collection as in other misdemeanor cases. Under Articles 783 and 784, above referred to, and in view of other provisions in the Code of Criminal Procedure, the defendant may be confined to jail for such time as will result in discharging the costs although his punishment is other than a fine, notwithstanding the fact that the case may be decided under the provisions of Article 793 of the Code of Criminal Procedure, providing that where the defendant is convicted of a misdemeanor, and his punishment assessed at a fine, he may be put to work, as specified, or confined to jail for a sufficient length of time to discharge the amount of the fine and costs, rating

Hon. R. T. Burns, Page 6

> such labor or imprisohment at one dollar
> (now three dollars) per day, since this
> enactment should be construed in view of
> the aforementioned articles." (underscor-
> ing and brackets ours)

The above quoted language from Texas Juris-
prudence is supported by and is based upon the cases
of Ex Parte Polly, (Crim. Reports) 15 SW 2nd 16 and Ex
Parte Spiller, 63 Crim. Rep. 93, 138 SW 1013.

The case of Ex Parte Polly, supra, is parti-
cularly in point. In this case the defendant was con-
victed of a misdemeanor in the County Court at Law of
El Paso County and his punishment assessed at imprison-
ment in the county jail for thirty days. The costs taxed
against him amounted to $185.55. He was placed in jail
on the 26th day of July and on the 30th day of October
sought release by habeas corpus proceedings before the
judge of the court in which he was convicted. From an
order remanding him the appellant prosecuted his appeal.

El Paso County had no workhouse, farm or pub-
lic improvements as contemplated by Articles 793 and 794,
C. C. P. upon which to work the county convicts. It was
contended by the appellant in that case that Article
993, C. C. P., related only to one whose punishment had
been assessed at a pecuniary fine, and because appellant's
punishment was assessed at confinement in jail said
article had no application to his case.

The Court of Criminal Appeals of Texas, speak-
ing through Justice Hawkins, in the Ex Parte Polly case,
stated that Articles 783, 784, 794, 795 and 796, C. C. P.
should be taken into consideration in connection with
Article 793, C. C. P., and held that one convicted of
a misdemeanor and sentenced to imprisonment may be kept
for such further time beyond term of sentence as would
discharge costs at the rate of $1.00 per day. The judgment
of the trial court was affirmed.

At the time of the rendition of the decision
in the Ex Parte Polly case, supra, Article 793, C. C. P.,
provided that the credit allowed for jail service, labor,
etc., should be $1.00 per day. The rate now provided by
Article 793, C. C. P. is $3.00 per day. Article 920,
C. C. P. is applicable to convictions of misdemeanors in
the Justice Courts.

Hon. R. T. Burns, Page 7

We call your attention to the fact that Article 784, Code of Criminal Procedure of Texas, provides that the judgment shall also adjudge the costs against the defendant, as well as provide for his punishment. Under this article his punishment may be by imprisonment in jail. This judgment must also carry a judgment for the costs against defendant. The costs adjudged against the defendant in a misdemeanor case includes the statutory fees and mileage of the officers connected with the case and are payable primarily by the defendant. Article 1055, Code of Criminal Procedure, then provides that if the defendant fails to pay his fine and lays it out in the county jail or discharges the same by means of working such fine out as provided therein that the county shall be liable for one-half of the fees of the officers of the court and that such half of costs shall be paid by warrant issued by the County Clerk, etc.

We feel that Article 1055, C. C. P., should be construed in connection with Articles 793, 794, 785, 784, 795 and 796 of the Code of Criminal Procedure.

It was undoubtedly the purpose of the Legislature in passing H. B. 205, of the 46th Legislature, amending Article 1055, C. C. P. to aid officers having costs in misdemeanor cases, where the defendant failed to pay his costs and laid or worked the same out. Without article 1055, C. C. P., the county would not be liable for half costs and officers would get nothing where the defendant laid out or worked out the costs assessed against him in the judgment against him. Under the law the "fine" goes to the county and the officer does not have any pecuniary interest in it with the exception that some officers receive a small statutory commission for collecting same.

The term "fine", technically speaking, means the pecuniary amount assessed by the court against a defendant for violation of law. A judgment in favor of the State against a defendant for a fine also carries a judgment for the costs. The term "fine" therefore, in common parlance, is often used to mean both fine and costs, since a judgment for a fine also carries a judgment for the costs.

Hon. R. T. Burns, Page 6

        We think it is immaterial whether or not the judgment in a misdemeanor case is for fine and costs or for imprisonment and costs. We think that the county is liable for half costs in both instances above to the officer having costs in a misdemeanor case where the defendant fails to pay his fine and works or lays same out.

        You are, therefore, respectfully advised that it is the opinion of this department that your question should be answered in the affirmative and it is so answered.

                                Very truly yours

                            ATTORNEY GENERAL OF TEXAS

                            By

                                    Wm. J. Fanning
                                         Assistant

WJF:AW

                    JUN 4, 1939

            Gerald C. Mann

            ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN