## EX PARTE LEROY YOUNG.

No. 20919. Delivered February 14, 1940.

The opinion states the case.

*H. R. Bishop* and *J. Elwood Winters,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The basis of this writ of habeas corpus seems to be that relator was fined in a justice court of Tarrant County the sum of $14.00 as fine and costs in a certain cause therein. That

he was committed to jail in default of the payment of this amount, and had remained five days in jail. He therefore contends that under the provisions of Art. 793, C. C. P. he is entitled to his discharge on account of the fact that he was entitled to receive $3.00 per day for each day that he has been thus confined in jail.

We have heretofore held that Arts. 793, 793a, 794, 794a, 794b, 794c and 794d, Vernon's Annotated Code of Criminal Procedure, were unconstitutional for the reasons set forth in Ex parte Ferguson, 132 S. W. (2d) 408, to which ruling we again adhere. We then find ourselves confronted with original Article 793, C. C. P., Chapter Four, under the head of "Execution of Judgment—In Misdemeanor Cases."

We quote Art. 793: "When defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at three dollars for each day thereof."

We are impressed with the idea that such article is a general one, and applies to any and all misdemeanors generally, unless there should appear in such Code a more specific one dealing with some subject therein. In our search therefor we came in contact with Art. 920, C. C. P., under the heading of "Judgment in Justice Court," which reads as follows:

"A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1. That he is too poor to pay the fine and costs, and

"2. That he has remained in jail a sufficient length of time to satify the fine and costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and a justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

It is our holding that Article 920, supra, prevents the dis-

420

charge of any person by means of a writ of habeas corpus who is compelled to lay out his fine and costs in jail, which was levied in a justice court, until he has served at least ten days in jail. At such time he is entitled to the writ of habeas corpus, and shall be allowed the sum of three dollars per day for each day he remained in jail, and if such amount would have discharged the fine and costs, he would be entitled to his discharge on a habeas corpus hearing. Ex parte McLaughlin, 124 Texas Crim. Rep. 40, 60 S. W. (2d) 786; Ex parte Fernandez, 57 S. W. (2d) 578. While this holding may operate as a seeming injustice to the relator herein, compelling him to serve ten days in jail for a $14.00 fine, its correction is a matter for the legislature rather than this court. The statute is plain and we must follow it.

We therefore hold herein that relator would have to either pay his fine and costs in the justice court, or serve at least ten days in jail before being entitled to his discharge herein by means of a writ of habeas corpus.

The judgment of the trial court is affirmed.