EX PARTE WESLEY HARRINGTON.

No. 21579. Delivered March 19, 1941.

348

The opinion states the case.

*T. K. Irwin, Jr.,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Relator was convicted of a misdemeanor in the justice of the peace court in Dallas County, and was assessed a fine of One Dollar and costs, amounting to Thirteen Dollars and fifty cents. On this total amount he paid the sum fo Seven Dollars and fifty cents, leaving Six Dollars due. He was thereafter committed to jail and served two full days, at which time he sued out a writ of habeas corpus in an attempt to release himself as against the contention of the State that he would have to serve a minimum of ten days as provided in Article 920 C. C. P., claiming his rights under Article 793 C. C. P.

Appellant concedes that if he had paid no part of the fine and costs he would be required to serve a minimum of ten days under Article 920, C. C. P. as held by this court in Ex parte Young, 136 S. W. (2d) 863. In other words, the article providing for the minimum of ten days applied until appellant had paid what he claims to be the fine and a part of the costs, and that it is only in a case where he owes both fine and costs that the article will apply. If this should be true, he could have paid the One Dollar fine, then made an affidavit that he was too poor to pay the fine and costs and serve the Twelve Dollars and fifty cents out at the rate of Three Dollars per day and secure his release without serving the minimum of ten days as provided by Act of the Legislature. If this construction should be given the Act it would make it appear a very weak and foolish provision in the law and entirely destroy its purpose. We cannot favor such construction and are unable to see the logic in the argument which appellant makes to reach that conclusion.

We think that the case of Ex parte Young, supra, sustains the ruling of the trial court and it is accordingly affirmed.