

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe C. Gladney
Criminal District Attorney
Henderson, Texas

Dear Sir:

Attention:   Hon. J. M. Burns

Opinion No. O-3266

Re: Would it be necessary for the
county to establish a county
farm or a county workhouse be-
fore the Commissioners' Court
could utilize the labor of
persons convicted of misde-
meanors, as provided in Arti-
cle 793 and Article 794, Code
of Criminal Procedure, on
public roads, bridges and
other public works of the
county, and related questions?

Your recent request for an opinion of this depart-
ment upon the questions as are herein stated has been re-
ceived.

We quote from your letter as follows:

"This is to request an opinion from your
office on the following questions.

"1. For the Commissioners Court of Rusk
County to utilize the labor of persons
convicted of misdemeanor's, as pro-
vided in Art. 793 and 794, C.C.P., on
public roads, bridges and other public
works of the County, would it be nec-
essary for the County to establish a
County farm or a County work house?

"2. If the Commissioners Court, by proper
order, used such labor then would it be

Honorable Joe C. Gladney, Page 2

mandatory on the Court to pay to the
Officers the fees as provided in Art
1015 C.C.P., since all Officers in Rusk
County are compensated on a salary,
and what provision is made for the
payment by the Court of the fine?

"3. Rusk County has a population of 51,008.
However, it is my understanding that
all the statutes providing for paying
convicts who work in discharge of their
fines have been held unconstitutional
where it has been attempted to allow
them less than $3.00 a day. Am I
right in this and is $3.00 a day the
least amount that could be allowed
such labor?

"4. If the fine and cost assessed is less
than $30.00 and the defendant works
same out, would he have to work ten
days?

"Art 794, C.C.P., provides that a Commission-
ers Court may provide for a work house and the
establishment of a County farm in connection
therewith. Section 5 of said Art provides 'they
shall be put to labor upon public roads, bridges
and other public works of the County when their
labor cannot be utilized in the County work house
or County farm". The construction the writer
places on that statute is that before convicts
can be placed upon public roads, bridges or
other public works of the County there must be
in existance a County work house and County
farm, and, therefore, the first question should
be answered in the negative.

"In answer to question Number 2 it is the
opinion of the writer that since all officers
in Rusk County are paid a salary that it would
not be necessary for the County to pay the fees
allowed by law to the various officers as it
would merely be transferring the money from one

Honorable Joe C. Gladney, Page 3

fund to another. Art 1055, C.C.P., provides
that the County shall be liable for one-half
of the fees of the Officers of the County
when the defendant fails to pay his fine or
lays it out in jail or works it out but makes
no provision for the payment of the fine.
Therefore, it is the opinion of this writer
that the County would not be liable for the
fine where it had utilized the labor of a
person owing the same.

"In answer to question Number 3 it is
my opinion that Art 793 C.C.P., controlls
and that $3.00 a day is the amount to be al-
lowed."

Articles 793 and 794, Vernon's Annotated Code of
Criminal Procedure, read as follows:

"Art. 793. When a defendant is convict-
ed of a misdemeanor and his punishment is as-
sessed at a pecuniary fine, if he is unable
to pay the fine and costs adjudged against him,
he may for such time as will satisfy the judg-
ment be put to work in the workhouse, or on
the county farm, or public improvements of
the county, as provided in the succeeding
article, or if there be no such workhouse, farm
or improvements, he shall be imprisoned in jail
for a sufficient length of time to discharge
the full amount of fine and costs adjudged
against him; rating such labor or imprisonment
at three dollars for each day thereof.

"Art. 794. Where the punishment assessed
in a conviction for misdemeanor is confinement
in jail for more than one day, or where in
such conviction the punishment is assessed
only at a pecuniary fine and the party so con-
victed is unable to pay the fine and costs
adjudged against him, those so convicted shall
be required to do manual labor in accordance
with the provisions of this article under
the following rules and regulations:

Honorable Joe C. Gladney, Page 4

"1. Each commissioners court may provide for the erection of a workhouse and the establishment of a county farm in connection therewith for the purpose of utilizing the labor of said parties so convicted.

"2. Such farms and workhouses shall be under the control and management of the commissioners court, and said court may adopt such rules and regulations not inconsistent with the laws as they deem necessary for the successful management and operation of said institutions and for effectively utilizing said labor.

"3. Such overseers and guards may be employed under the authority of the commissioners court as may be necessary to prevent escapes and to enforce such labor, and they shall be paid out of the county treasury such compensation as said court may prescribe.

"4. Those so convicted shall be so guarded while at work as to prevent escape.

"5. They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm.

"6. They shall be required to labor not less than eight nor more than ten hours each day, Sundays excepted. No person shall ever be required to work for more than one year.

"7. One who refuses to labor or is otherwise refractory or insubordinate may be punished by solitary confinement on bread and water or in such other manner as the commissioners court may direct.

"8. When not at labor they may be confined in jail or the workhouse, as may be most convenient, or as the regulations of the commissioners court may prescribe..

Honorable Joe C. Gladney, Page 5


"9. A female shall in no case be required
to do manual labor except in the workhouse.

"10. One who from age, disease, or other
physical or mental disability is unable to do
manual labor shall not be required to work,
but shall remain in jail until his term of im-
prisonment is ended, or until the fine and costs
adjudged against him are discharged according to
law. His inability to do manual labor may be
determined by a physician appointed for that
purpose by the county judge or the commissioners
court, who shall be paid for such service such
compensation as said court may allow.

"11. One convicted of a misdemeanor whose
punishment either in whole or in part is im-
prisonment in jail may avoid manual labor by
payment into the county treasury of one dol-
lar for each day of the term of his imprison-
ment, and the receipt of the county treasurer
to that effect shall be sufficient authority
for the sheriff to detain him in jail without
labor."

Section 3 of Article 3912e reads as follows:

"In all cases where the Commissioners'
Court shall have determined that county offi-
cers or precinct officers in such county
shall be compensated for their services by
the payment of an annual salary, neither the
State of Texas nor any county shall be charg-
ed with or pay to any of the officers so
compensated, any fee or commission for the
performance of any or all of the duties of
their offices but such officers shall receive
said salary in lieu of all other fees, com-
missioners or compensation which they would
otherwise be authorized to retain; provided,
however, that the assessor and collector
of taxes shall continue to collect and retain
for the benefit of the Officers' Salary Fund
or funds hereinafter provided for all fees

Honorable Joe C. Gladney, Page 6

and commissioners which he is authorized
under law to collect; and it shall be his
duty to account for and to pay all such
monies received by him into the fund created
and provided for under the provisions of
this Act; provided further, that the pro-
visions of this Section shall not affect
the payment of costs in civil cases by the
State but all such costs so paid shall be
accounted for by the officers collecting
the same, as they are required under the
provisions of this Act to account for fees,
commissioners and costs collected from
private parties."

The Texas Court of Criminal Appeals has hereto-
fore held that Articles 793, 794, 794a, 794b, 794c, and
794d, Vernon's Annotated Code of Criminal Procedure, were
unconstitutional for the reasons set forth in Exparte
Ferguson, 132 S. W. (2d) 408. Therefore, we are not con-
cerned with these statutes. However, the original Arti-
cle 793, Code of Criminal Procedure, quoted above, was
upheld in the above mentioned case.

It will be noted that Section 1 of Article 794,
Code of Criminal Procedure, merely provides "each Commis-
sioners' Court may provide for the erection of a work-
house and the establishment of a county farm in connec-
tion therewith for the purpose of utilizing the labor of
said parties so convicted." Section 5 of said Article
provides: "They shall be put to labor upon the public
roads, bridges or other public works of the county when
their labor cannot be utilized in the county workhouse
or county farm." Section 1, above quoted, is not manda-
tory, and it is within the discretion of the Commissioners'
Court whether or not they provide for the erection of a
workhouse and the establishment of a county farm. Sec-
tion 5 provides that when the labor of the county convicts
cannot be utilized in the county workhouse or county farm,
they shall be put to labor upon the public roads, bridges
or other public works in the county. It is also to be
noted that Article 793, Code of Criminal Procedure, speci-
fically provides that when a defendant is convicted of a
misdemeanor and his punishment is assessed at a pecuniary

Honorable Joe C. Gladney, Page 7

fine if he is unable to pay the fine and costs adjudged
against him he may for such time as will satisfy the judg-
ment be put to work in the workhouse, or the county farm,
or a public improvement of the county as provided in the
succeeding articles. Therefore, your first question is
respectfully answered in the negative.

Article 1055, Code of Criminal Procedure, reads
as follows:

"The county shall not be liable to the
officer and witness having costs in a misde-
meanor case where defendant pays his fine and
costs. The county shall be liable for one-
half of the fees of the officers of the
Court, when the defendant fails to pay his
fine and lays his fine out in the county jail
or discharges the same by means of working
such fine out on the county roads or on any
county project. And to pay such half of costs,
the County Clerk shall issue his warrant on
the County Treasurer in favor of such officer
to be paid out of the Road and Bridge Fund or
other funds not otherwise appropriated."

Considering Article 1055, supra, and Section 3 of
Article 3912e, supra, the Commissioners' Court is not author-
ized to pay the officers who are compensated on an annual
salary basis the compensation provided by Article 1055.
There is no provision whatever authorizing the county to
pay the fine of a defendant who satisfies the fine and costs
assessed against him by working in the workhouse or on the
county farm or public improvements of the county or where
the defendant is imprisoned in jail for a sufficient length
of time to discharge the full amount of the fine and costs
adjudged against him.

In answer to your third question, it is our opin-
ion that Article 793, Code of Criminal Procedure, controls
and that $3.00 per day is the amount to be allowed.

With reference to your fourth question, we call
your attention to the case Ex parte Young, 136 S. W. (2d)
863. Referring to Article 793, Code of Criminal Procedure,
the court said:

Honorable Joe C. Gladney, Page 8

"We are impressed with the idea that such article is a general one, and applies to any and all misdemeanors generally, unless there should appear in such Code a more specific one dealing with some subject therein. In our search therefor we came in contact with Art. 920, C. C. P., under the heading of 'Judgment In Justice Court,' which reads as follows:

"'A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"'1. That he is too poor to pay the fine and costs, and

"'2. That he has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of three dollars for each day.

"'But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and a justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket.'

"It is our holding that Article 920, supra, prevents the discharge of any person by means of a writ of habeas corpus who is compelled to lay out his fine and costs in jail, which was levied in a justice court, until he has served at least ten days in jail. At such time he is entitled to the writ of habeas corpus, and shall be allowed the sum of three dollars per day for each day he remained in jail, and if such amount would have discharged the fine and costs, he would be entitled to his discharge on a habeas corpus hearing. Ex parte McLaughlin, 124 Tex. Cr. R. 40, 60 S. W. 2d 786; Ex parte

Fernandez, 122 Tex. Cr. R. 641, 57 S. W. 2d
578. While this holding may operate as a
seeming injustice to the relator herein, com-
pelling him to serve ten days in jail for a
$14 fine, its correction is a matter for the
legislature rather than this court. The
statute is plain and we must follow it.

"We therefore hold herein that relator
would have to either pay his fine and costs
in the justice court, or serve at least ten
days in jail before being entitled to his
discharge herein by means of a writ of habeas
corpus."

In view of what has been said in the above mention-
ed case, we respectfully answer your fourth question in the
affirmative, when the conviction is obtained in a justice
court. However, when the conviction is obtained in a county
court, the question is answered in the negative.

Trusting that the foregoing fully answers your
inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED APR 2, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:CO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN