Charles Earl **CLEVELAND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48351.

Court of Criminal Appeals of Texas.
May 8, 1974.

------◆------

Frank D. Coffey, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Bill Mills, Robert A. Sewell, Tom E. Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by firearms; the punishment, imprisonment for eight years.

The manager of the Perkmore Grocery Store testified that he was robbed by armed men but he was unable to make a positive identification of the appellant as one of the robbers because their faces were masked. The only witness who positively identified the appellant as one of the armed robbers was Jewell O. Harris.

In his first ground of error the appellant urges that:

"The testimony of Jewell O. Harris was coerced from him by the State of Texas and the trial court and therefore wrongfully obtained under Article 38.23 of the [Vernon's Ann.] Code of Criminal Procedure of the State of Texas."[1]

Harris accompanied by some members of his family stopped his automobile at the Perkmore Grocery Store on the evening of the robbery. His young son went into the store to make a purchase. Harris observed three armed masked men approach the store. Two of them entered. Harris went to an adjoining business establishment, told the proprietor what he had observed, and said he had recognized one of the participants in the robbery as his stepson. The robbers soon emerged from the store. As the robbers escaped back of the store they exchanged gunfire with the proprietor of the neighboring business who had been alerted by Harris. Harris was wounded by shotgun pellets fired by the escaping men. Harris testified that he had been the common-law husband of the appellant's mother for over twelve years. He first met the appellant when the appellant was about five years of age and he had seen the appellant "often" during the intervening years. He positively identified the appellant as the masked man carrying a sawed-off shotgun whom he saw participating in the robbery.

At a pretrial hearing, however, the witness had refused to identify appellant as one of the robbers, saying alternately that he could not make such an identification and that he feared for his life. He did not invoke any recognized testimonial privilege. After much interrogation, all in vain, the following exchange took place:

"THE COURT: . . . You're not going to testify in regard to what you

1. Article 38.23, V.A.C.C.P. in pertinent part provides as follows:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

told the officer about who the man was who shot you? Is that what you're telling me?

"THE WITNESS: Uh-huh.

"THE COURT: . . . I am directing you to testify. You are ordered by the Court to testify. Are you not going to testify?

"* * *

"THE COURT: Okay. Just take him back to jail.

"* * *

"THE WITNESS: What grounds are you keeping me in jail?

"THE COURT: Because you won't testify.

"THE WITNESS: Well, do you want me to go out here and get killed?"

When the trial was held five days later the witness was no longer hesitant and testified as indicated above. The record is not clear whether Harris ever spent any time in jail after the pretrial hearing. There is nothing in this record to show that the witness was improperly coerced to testify.

■ Every citizen has a duty not only to the parties but to the community at large to testify in a court of law concerning facts and information within his knowledge that is relevant to the issue in litigation. This testimonial duty of a witness is basic and fundamental in the quest for justice in our judicial system. This testimonial duty is only qualified by certain recognized privileges such as that against self-incrimination and certain privileged communications. On the rare occasions when it is necessary the Court may use its inherent contempt powers to enforce the testimonial duty of a recalcitrant witness. See Ex parte Heptinstall, 118 Tex.Cr.R. 160, 39 S.W.2d 75 (1931); Lehnhard v. Moore, 401 S.W.2d 232 (Tex.S.Ct.1966). 8 Wigmore on Evidence, Ch. 76, Section 2190, et seq. (McNaughton rev. 1961); 17

Am.Jur.2d, Contempt, Section 29 at p. 34; 12 Tex.Jur.2d, Contempt, Section 27 at p. 506.

■ There is no evidence that Harris' testimony was wrongfully obtained in violation of Article 38.23, V.A.C.C.P. The first ground of error is overruled.

Appellant's second ground of error is that during the penalty phase of the trial, the prosecutor's argument was outside the record and prejudicial to him. The complained of argument is:

"(Proprietor) Roy Carter, a man who is lawfully employed, trying to make a living. As a result of Cleveland, he never again returned to work as a manager of that grocery store. Here is one member of our society but for the violence of the defendant's acts has been taken away from his employment and his ability to make a living. Now, this happened - - - "

Defense counsel's objection that this argument was outside of the record was overruled.

The record shows that during the trial Roy Carter testified as follows:

"Q. Did you go to work the next day?

"A. No.

"Q. Did you ever go back to work?

"A. No."

■ There is no further testimony regarding Carter's return to work. The evidence shows that during the robbery he was struck on the face and head. The argument of the prosecutor was a reasonable deduction from the evidence. O'Dell v. State, 467 S.W.2d 444 (Tex.Cr.App.1971); Mauldin v. State, 463 S.W.2d 10 (Tex.Cr. App.1971). The second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.