

# The Attorney General of Texas

November 6, 1981

**MARK WHITE**
*Attorney General*

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John T. Montford
Criminal District Attorney
2nd Floor, County Courthouse
Lubbock, Texas 79401

Opinion No. MW-386

Re: Application of articles 43.09 and 42.03 of the Code of Criminal Procedure to the justice courts

Dear Mr. Montford:

You ask two questions which relate to the application of certain criminal procedure rules to the justice courts.

Your first question is:

Does article 43.09, as amended by the 67th Legislature (Senate Bill No. 430) raising the credit for fines and costs 'laid out' from $5 to $15 per day, apply to fines and costs assessed in justice court in view of article 45.53, which provides for credit of $5 per day?

The Sixty-seventh Legislature amended article 45.53 of the Code of Criminal Procedure to provide that a defendant placed in jail by order of a justice court may serve out his fine at the rate of "not less than $15 for each day." House Bill No. 647, Acts 1981, 67th Leg., ch. 708, at 2648; see Code Crim. Proc. art. 45.52. Therefore, article 45.53 rather than 43.09 controls the credit for fines and costs assessed in justice court.

Your second question is:

Does article 42.03 of the Code of Criminal Procedure require justice courts to give credit for pre-conviction jail time?

The relevant section of article 42.03 reads:

Sec. 2. (a) In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail

in said cause, from the time of his arrest and
confinement until his sentence by the trial court.

This is a general statute which applies to all convictions in the
absence of a more specific enactment. See Ex parte Young, 136 S.W.2d
863 (Tex. Crim. App. 1940). We have not found a more specific statute
relating to the credit of jail time served prior to conviction in
justice court.

In interpreting this statute, the Texas Court of Criminal Appeals
has determined that a pre-conviction jail time credit against a
defendant's later sentence is mandatory. Jones v. State, 545 S.W.2d
771 (Tex. Crim. App. 1977); Guerra v. State, 518 S.W.2d 815 (Tex.
Crim. App. 1975). Therefore, because article 42.03 applies to justice
courts as well as other state courts, they must give credit for
pre-conviction jail time.

## S U M M A R Y

Justice courts must comply with articles
42.03 and 45.53 of the Code of Criminal Procedure.

Very truly yours,

M A R K    W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Dawn Bruner
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Dawn Bruner
Rick Gilpin
Maury Hexamer
Jim Moellinger
Bruce Youngblood