Ernest MILES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47606.

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

Gerald H. Goldstein, San Antonio, (Court appointed), for appellant.

Ted Butler, Dist. Atty., C. N. Rothe, Richard Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin wherein the appellant was assessed punishment by the court at ten (10) years following appellant's plea of guilty before the court.

Appellant's sole ground of error is that his plea of guilty was involuntary since it was induced by his retained counsel's representation that the court and prosecutor had promised to grant him probation and to send him to the hospital for treatment for drug abuse.

Nothing properly in the appellate record supports the fact that any such representation was ever made to the appellant. While appellant has attached his affidavit and those of his mother and wife to his appellate brief to support his contention, the same cannot be considered by the court.

Even if such affidavits could be considered, we cannot conclude, as appellant's counsel urges, that Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) be extended to cover the instant fact situation.

Further, the record reflects that the court inquired, before accepting the guilty plea, whether anyone had promised appellant anything to get him to plead guilty and the appellant replied in the negative. After conviction the court caused a pre-sentence investigation to determine whether to grant appellant's motion for probation. At the subsequent hearing the court informed the appellant his motion for

probation was being denied. The appellant then accepted the sentence, stating to the court he had nothing to say why the sentence should not be imposed.

The judgment is affirmed.