Robert RASBERRY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 50927.

Court of Criminal Appeals of Texas.

April 28, 1976.

Jim Ammerman, Marshall, for appellant.

Sam Baxter, Dist. Atty., Marshall, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GUPTON, Judge.

The offense is robbery with firearms; the punishment, 99 years.

The sufficiency of the evidence is not challenged. The record reveals that two men took about $86 from the owner of a motel in Marshall.

■ Appellant's first ground of error alleges the prosecutor made inflammatory and improper jury argument. The court sustained the objection to the argument and instructed the jury to disregard it. Counsel then asked the prosecutor to restrain himself, but did not ask for any further relief. Thus, appellant has received all the relief he asked for, and nothing is presented for review. *Kennedy v. State,* Tex.Cr.App., 520 S.W.2d 776; *Stone v. State,* Tex.Cr.App., 510 S.W.2d 612; *Satterwhite v. State,* Tex.Cr.App., 499 S.W.2d 314.

Appellant's second ground of error contends the following portion of the jury argument was unsworn testimony of the prosecutor:

"Mr. Harris told you, 'I will never forget the face of the man'. I want you to look at Mr. Rasberry. Imagine him with a gun in his hand. Do you think you would ever forget the face of a man that pulled a gun on you and robbed you? What's more, the other individual, he didn't forget that man's face either. He identified him from a photograph, same book, he was informed his name was Herbert Lee Ward, and we do know that the fingerprint lifted came back, did not identify Robert Rasberry, but did identify one of the two that was named in the charge—

[DEFENSE COUNSEL]: Your Honor! The court excluded that testimony—we think counsel is dead wrong in trying to mis-state the testimony to the court. And we ask that he be stopped at this time, and the jury not be told narratives—they can draw their own conclusions.

[PROSECUTOR]: Your Honor, it was my understanding that the court did not exclude that, and that question was asked and [defense counsel's] objection was overruled.

THE COURT: The objection of counsel is overruled. Go ahead!"

Appellant contends this was error because the evidence showed only that a fingerprint on the change box at the motel was not that of appellant, but did not show whose fingerprint it was. This was a critical fact since the complainant stated he had seen only appellant touch the cash box.

Appellant raised the issue of the fingerprint in his cross examination of a detective sergeant with the Marshall Police Department. The police officer was not a fingerprint expert, and did not identify the fingerprint. He did state that he had received a report from the Identification Division of the Texas Department of Public Safety and that he had not received anything showing the fingerprint was appellant's. Over objection, the witness stated on re-direct that the report named one of the two suspects, but not appellant. Herbert Lee Ward had been identified by the complainant and the police officer as the other man involved in the robbery.

■ The prosecutor's remarks were a reasonable deduction from the evidence and did not constitute unsworn testimony. *Pecina v. State,* Tex.Cr.App., 516 S.W.2d 401; *Jackson v. State,* Tex.Cr.App., 516 S.W.2d 167; *Cleveland v. State,* Tex.Cr.App., 508 S.W.2d 829.

Appellant's third ground of error asserts the allegation in the indictment that appellant put the complainant "in fear of life and bodily injury" was not proved by the evidence. Appellant contends this was an "amiable armed robbery" as shown by the complainant's statements that no verbal threats were made and he was not fearful for his life at any time during the robbery.

■ The indictment alleged a taking "by the said assault, and by violence to the said injured party and by putting the said injured party in fear of life and bodily injury by then and there using and exhibiting a fire arm, to-wit, a pistol . . . ." Proof of any one or all of these ways constitutes robbery. *Peebles v. State,* 138 Tex. Cr.R. 55, 134 S.W.2d 298. The evidence is undisputed that two men entered a motel carrying a .22 caliber pistol and said "this is a holdup". Money and complainant's wrist watch were taken. A shot was fired as complainant was running away from the motel. The evidence is sufficient to constitute an assault. *Mason v. State,* Tex.Cr.

App., 472 S.W.2d 787. This being so, the evidence is sufficient to support a conviction for robbery by assault with a firearm as alleged in the indictment.

Appellant's last ground of error which he terms "cumulative unfairness" seems to be directed to the incompetency of the appellant to act pro se in his own behalf. The brief states that against appointed counsel's advice the appellant insisted on questioning witnesses, making argument to the jury and making closing argument on punishment, during which he did such unwise things as accusing the chief deputy sheriff of being a crook.

The only possible answer to this contention is that if we reversed only because of appellant's conduct during the trial, at the next trial the same conduct would in all probability occur again and this conviction could never become final. Though the appellant has the constitutional right to represent himself, if he so desires, he has no right to ask for a reversal because he alienated the jury while doing so. See *Webb v. State,* Tex.Cr.App., 533 S.W.2d 780 (decided February 25, 1976); *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) at footnote 46.

In a supplemental pro se brief appellant contends the testimony of officer Hays impermissibly bolstered the testimony of the complaining witness Harris. No objection was made at trial to this testimony, thus nothing is presented for review. *Arivette v. State,* Tex.Cr.App., 513 S.W.2d 857; *Hoffman v. State,* Tex.Cr.App., 514 S.W.2d 248; *Johnson v. State,* Tex.Cr.App., 504 S.W.2d 493. Appellant's pretrial motion in limine did not preserve error in the absence of an objection at trial. *Simpson v. State,* Tex.Cr.App., 507 S.W.2d 530. Cf. *Riojas v. State,* Tex.Cr.App., 530 S.W.2d 298. We note that the documents attached to the pro se brief are not part of the record and cannot be considered by this Court. *Grant v. State,* Tex.Cr.App., 505 S.W.2d 259; *Miles v. State,* Tex.Cr.App., 501 S.W.2d 91.

Finding no reversible error, the judgment is affirmed.