Opinion issued October 3, 2002











In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00648-CR






JUAN LUIS GUERRERO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 867261






O P I N I O N


 Appellant pled guilty without an agreed punishment recommendation to felony
driving while intoxicated (DWI). See Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)
(Vernon Supp. 2002). The trial court assessed punishment at six years in prison and
a $2,500 fine. We affirm.Discussion

 Appellant's appointed counsel moved to withdraw from appellant's
representation on appeal and, in support, submitted a brief stating her opinion that the
appeal was without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional
evaluation of the record and stating why there are no arguable grounds of error on
appeal. Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.--Houston [1st Dist.] 2000,
no pet.). Counsel advised appellant of her evaluation of the appeal, sent him a copy
of her Anders brief and the record, and informed him of his right to file a pro se brief.

 Appellant timely filed a pro se brief, which raises four issues.

Voluntariness of Plea


 In issue one, appellant contends his guilty plea was involuntary because trial
counsel allegedly misled him about the punishment a jury would assess. 

 The plea papers, which reflect that appellant was duly admonished, are a prima
facie showing that appellant's guilty plea was knowing and voluntary. See Martinez
v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); see also Tex. Code Crim.
Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2002). It was thus appellant's burden
to show he did not fully understand the consequences of his plea and was harmed as
a result. Martinez, 981 S.W.2d at 197. Because appellant waived a reporter's record,
nothing in the record supports his factual allegations of his plea's involuntariness. (1) 
Appellant thus did not defeat the prima facie showing of voluntariness. See Martinez,
981 S.W.2d at 197.

 We overrule appellant's first issue.

Ineffective Assistance of Counsel


 In his second issue, appellant claims his trial counsel was ineffective for
allegedly failing to investigate the facts and issues.

 Appellant waived a reporter's record. Therefore, nothing in the record supports
appellant's factual allegations. (2) Any deficiency is thus not firmly founded in the
record, as is required to prevail on an ineffectiveness challenge. See Mallett v. State,
65 S.W.3d 59, 63 (Tex. Crim. App. 2001). For the same reason, nothing overcomes
the presumption that counsel's conduct fell within the wide range of reasonable,
professional assistance. See id.

 We overrule issue two.

Sufficiency of the Evidence


 In his third issue, appellant claims there was not "substantial evidence" to show
he committed DWI because he was allegedly not driving when he was arrested. 
Appellant's judicial confession, standing alone, sufficiently supports his conviction. 
See Dinnery v. State, 592 S.W.2d 343, 354 (Tex. Crim. App. 1979) (op. on reh'g). 
Additionally, nothing in the record supports appellant's contrary factual allegations. (3)

 We overrule issue three.

Enhancement Offense


 In a final issue, appellant claims the earlier of the two enhancement allegations,
a DWI conviction of July 7, 1982, cannot be used for enhancement because that
conviction "was not within the 10-year statute of limitations." Appellant's claim is
based on the faulty premise that both of his enhancement convictions had to occur
within 10 years of his committing the present offense.

 The law in effect at the time appellant committed the present offense required
only one of the two prior DWI convictions to occur within 10 years of the present
offense. See Bower v. State, 77 S.W.3d 514, 516 (Tex. App.--Houston [1st Dist.]
2002, no pet. h.) (construing enhancement provision then in effect--Act of April 4,
1995, 74th Leg., R.S. ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2743, amended by
Act of May 25, 2001, 77th Leg., R.S., ch. 648, §§ 1, 2, 2001 Tex. Gen. Laws 1213 
(current version at Tex. Penal Code Ann. § 49.09(e)(1)(2) (Vernon Supp. 2002))). 
Because one of appellant's prior convictions occurred within 10 years of his
commission of the present offense, appellant's conviction for felony DWI was proper.

 We overrule appellant's final point of error.


Conclusion


 We affirm the judgment of the trial court.

 We grant appellate counsel's motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex.App.--Houston [1st Dist.] 2000, no pet.). Counsel still has a
duty to inform appellant of the result of this appeal and also to inform appellant that
he may, on his own, pursue discretionary review in the Court of Criminal Appeals.
Id. at 771-72; see Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).




 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Price. (4)

Do not publish. Tex. R. App. P. 47.
1. Appellant relies on his affidavit attached to his pro se brief. We may not
consider this affidavit because it is not part of the appellate record. See
Rasberry v. State, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976) (documents
attached to pro se brief, but not in appellate record, could not be considered on
appeal).
2. For the reasons stated before, we may not consider the affidavit on which
appellant relies in support. See Rasberry, 535 S.W.2d at 873.
3. For the reasons stated before, we may not consider the affidavit on which
appellant relies in support of this issue. See Rasberry, 535 S.W.2d at 873.
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.