Opinion issued
April 12, 2012



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-11-00375-CR

———————————

MICHAEL
SCOTT TONEY, Appellant

V.

THE
STATE OF TEXAS, Appellee



 



 

On Appeal from the 208th
District Court

Harris County, Texas



Trial Court Case No. 9403369

 



 

 

MEMORANDUM
OPINION

          Pro
se appellant, Michael Scott Toney, challenges the convicting court’s order
denying his motion for post-conviction DNA testing filed pursuant to Chapter 64
of the Code of Criminal Procedure.  Appellant
identifies six issues on appeal.  He
claims (1) in four issues that the convicting court erred by not ruling in his
favor at the Chapter 64 hearing on matters pertaining to appellant’s desire to
compel the testimony of an absent witness, who appellant claims has knowledge
regarding DNA testing previously completed in the case; (2) the convicting
court “testified” at the hearing; and (3) the convicting court erred by believing
the State’s witness and finding that no evidence containing biological material
is available for DNA testing. 

          We
affirm.

Background

          In
1993, a jury found appellant guilty of burglary of a habitation with the intent
to commit the offense of aggravated assault and assessed his punishment at 40
years.  This Court affirmed his
conviction on direct appeal.  See Toney v. State, No. 01–94–00239–CR, 1996
WL 183411 (Tex. App.—Houston
[1st Dist.] Apr. 18, 1996, pet. dism’d untimely filed) (not designated for
publication).  

          In
2009, the convicting court granted appellant’s motion for appointment of
counsel to assist in filing a post-conviction motion for DNA testing.  Appellant filed his motion in December
2009.  In the motion, appellant requested
to examine “pertinent evidence or samples . . . taken from the scene of the
crime” that was not “previously subjected to DNA testing.”  

          The
convicting court granted appellant’s request for an evidentiary hearing on the
motion.  The hearing was held on June 28,
2010.  Appellant’s counsel and the
State’s counsel attended the conference with appellant attending via live video
feed.  

          At
the hearing, the State presented the testimony of Barbara Anderson, the
post-trial exhibit clerk for the Harris County District Clerk’s Office.  Anderson testified that her office’s records
indicate that, following appellant’s trial, on March 1, 1994, a number of
physical, non-documentary, items, which had been admitted at appellant’s trial,
were received by the district clerk’s office from the court reporter.  These items included a blue nylon bag, white
plastic flex grips, bathroom cleaner, a carpet knife, a hammer, a white nylon
cord, and waterproof tape.  

          Anderson
described the actions she took to locate the physical items for purposes of the
DNA hearing.  She stated that, although
she searched for the items “very intensely,” she was unable to locate any of
them.  She explained that before
2000, it was her office’s policy to permit destruction of such items.  Anderson stated that she strongly believed
these items had been destroyed, pursuant to this policy, even though she did
not find any record of the destruction.  

          The
State also introduced the affidavits of the property-and-evidence records
custodians for the Harris County Sheriff’s Office, the Houston Police
Department, the HPD crime laboratory, and the HPD latent print laboratory.  Each affiant testified that his or her
department possesses no evidence related to appellant’s case.

          Appellant
did not call any witnesses at the hearing. 
Appellant’s attorney informed the convicting court that he had issued a
subpoena to a person identified as “Sergeant G. Glenn” with the Houston Police
Department.  Sergeant Glenn did not
appear at the hearing.  Appellant’s counsel
stated that he did not know whether Sergeant Glenn had been served with the
subpoena.  The court enquired why
Sergeant Glenn had been subpoenaed. 
Appellant and his counsel explained to the convicting court that Sergeant
Glenn had been an investigating officer early in the case in 1993.  Appellant stated that Sergeant Glenn
facilitated the taking of a blood sample from him at the police laboratory for the
purpose of DNA analysis.  Although he was
aware of Sergeant Glenn’s involvement, appellant claimed that he did not know
Sergeant Glenn’s name at the time of the investigation.  He claimed that neither Sergeant Glenn’s
identity nor the results of any DNA analysis on the blood samples were
disclosed to his trial counsel in 1993. 
Rather, appellant claimed that he did not discover Sergeant Glenn’s
identity or confirm that DNA testing had been performed on the blood samples until
2007.  

          The
State’s attorney informed the court that he believed that the blood samples had
been taken from appellant as part of an investigation regarding another case
for which appellant was a suspect.  In
other words, the samples and any DNA testing were not related to or useful to
the instant case.  

          Because
the video feed allowing appellant to participate was disconnected before the
end of the hearing, the convicting court continued the hearing until July 16,
2010.  At the continuation, appellant and
his counsel informed the convicting court that appellant had filed a pro se
motion entitled “Motion to Confront and Question a Witness.”  However, the motion does not appear in the
record.  With respect to the motion,
appellant orally requested the convicting court to allow him to question
Sergeant Glenn regarding the blood samples taken from appellant and subjected
to DNA analysis in 1993.  At the end of
the hearing, appellant’s counsel stated to the convicting court, “Just to make
sure the record is clear, that the Court is going to disallow the testimony of
that witness, that officer that I had subpoenaed at the first setting here?”  The court responded in the affirmative.  

          Appellant
then reiterated to the convicting court that Sergeant Glenn had been an
investigating officer and had facilitated the taking of blood samples for DNA
analysis in this case, not another case. 
Appellant indicated to the court that the complainant in this case had
scratched her attacker and that samples had been taken from him for comparison.  

          The
convicting court signed an order denying appellant’s motion for DNA
testing.  The convicting court made clear
at the hearing that it would have granted appellant’s motion for DNA testing if
there had been biological material available for testing.  The court stated that it denied the motion
because no evidence for biological testing was located.  

          In
support of its denial, the convicting court adopted the proposed findings of
fact and conclusions of law offered by the State.  Among the findings is the following:

The Court finds, based on the credible hearing testimony
of Barbara Anderson [post-trial exhibit clerk for the Harris County District Clerk’s Office]
and the credible affidavits of [records custodians] Glenda Adkins, Vanessa
Alvarez, Cheryl C. Hurts, and Q. Thigpen, that Defendant fails to meet the
requirement of Article 64.03(a)(1) of the Texas Code
of Criminal Procedure by showing that evidence containing biological material
still exists and is in a condition making DNA testing possible.

          

          Appellant
now appeals the convicting court’s order denying his motion for DNA testing.  Appellant presents six issues.

Purpose of Chapter 64

          Appellant’s first, second, and
third issues pertain to appellant’s desire to question Sergeant Glenn regarding
appellant’s claim that, in 1993, Sergeant Glenn directed that blood samples be
taken from appellant and subjected to DNA analysis in this case.  Appellant asserts that the convicting court
erred when it (1) denied his pro se motion to “confront and to question”
Sergeant Glenn; (2) determined that a Chapter 64 hearing is not “the proper
proceeding to admit documental evidence that may prove that DNA tests were
performed in this case in the past”; and (3) concluded that Sergeant Glenn’s
“testimony concerning his past involvement in the forensic investigation of
this case was not relevant to the current Article 64.01 proceedings.”  Underpinning all of these issues is whether a
motion filed pursuant to article 64.01 of the Code of Criminal Procedure is the
proper procedural vehicle to obtain possibly exculpatory evidence, regarding previously
performed DNA testing, not disclosed to appellant at the time of his trial. 

          Appellant
does not contend that the blood or other biological samples obtained at
Sergeant Glenn’s direction are still available for testing.  To the contrary, such claim was refuted by
the testimony of Barbara Anderson and the affidavits of the records custodians,
which show that no biological evidence has been located for testing in this
case and which the trial court found to be credible.  As briefed on appeal, appellant appears to be
seeking evidence relating to the test results of the DNA analysis he claims was
performed in 1993.  

          The
Court of Criminal Appeals has stated, “Chapter 64 authorizes the convicting
court to order DNA testing, and no more.” 
Wolfe v. State, 120 S.W.3d
368, 372 (Tex. Crim. App. 2003); see Ex
parte Tuley, 109 S.W.3d 388, 391 (Tex. Crim. App.
2002) (explaining the limited purpose of Chapter 64).  To be entitled to post-conviction DNA
testing, a convicted person must meet the requirements of articles 64.01 and
64.03.[1]  

          As it
existed in at the time appellant filed his motion, article 64.01(b)(1) provided
that a person could request the convicting court to permit forensic DNA testing
of previously untested evidence
containing biological material that was in the State’s possession during trial
of the offense if he could show that the evidence was not previously subjected
to DNA testing: (A) because DNA testing was (i) not
available; or (ii) available, but not technologically capable of providing
probative results; or (B) through no fault of the convicted person, for reasons
that are of a nature such that the interests of justice require DNA testing.  See Act
of April 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001
Tex. Gen. Laws 2, 2–4 (amended 2011) (current version at Tex. Code Crim. Proc. Ann. art. 64.01(b)(1) (Vernon Supp. 2011)). 


          The
convicted person also could seek to re-test biological evidence previously
subjected to DNA testing if he could establish that it could be “subjected to
testing with newer testing techniques that provide a reasonable likelihood of
results that are more accurate and probative than the results of the previous
test.”  See id. art. 64.01(b)(2)
(Vernon Supp. 2011).  If one or more of
the items that an appellant seeks to subject to post-conviction DNA testing meet
any of these criteria, the trial court could order testing—but only if other
statutory predicates are also met, such as a finding by the convicting court
that the evidence “still exists and is in a condition making DNA testing
possible.”  See id. art. 64.03(a)(1)(A)(i) (Vernon Supp. 2011). 


          Given
the purpose, scope, and plain language of the statute, Chapter 64 does not
provide a procedural vehicle for obtaining potentially exculpatory evidence
pertaining to DNA test results, from an earlier performed DNA analysis, that
were not previously disclosed to appellant. 
As stated, “Chapter 64 authorizes the convicting court to order DNA
testing, and no more.”  See Wolfe, 120 S.W.3d at
372.  Appellant has not shown that
the convicting court erred with respect to its rulings related to the evidence
appellant sought to obtain through Sergeant Glenn.[2]  

          We
overrule appellant’s first, second, and third issues.

 

Compelling Sergeant Glenn’s
Testimony

          In his fifth issue,
appellant asserts that the convicting court erred “by refusing to force [Sergeant
Glenn] to honor the issued subpoena and present for inspection the documents
and files that were requested in the subpoena.”[3]  The Code of Criminal Procedure requires a
defendant to file an application for a subpoena with the trial court’s clerk if
the defendant wants to ensure the witness’s presence.  Tex. Code Crim. Proc.Code Ann. art. 24.03(a)
(Vernon 2009).  The defendant must
then properly serve the witness.  See id. art. 24.04(a) (Vernon 2009).  

          If
the witness ignores the “duly served” subpoena, the requesting party shall be
entitled to a writ of attachment “commanding some peace officer to take the
body of a witness and bring him before such court . . . on a day named . . . to
testify in behalf of the State or of the defendant.”  Id. art. 24.11 (Vernon 2009); see id. art. 24.12 (Vernon 2009); see also Rodela v.
State, 829 S.W.2d 845, 848 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d).  However, a defendant is not entitled to a
writ of attachment if he does not properly serve the subpoena on the witness.  Ford v.
State, 14 S.W.3d 382, 391–92 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

          As
pointed out by the State, appellant’s counsel informed the convicting court
that he did not know whether the subpoena had been served on Sergeant Glenn.  Without establishing that Sergeant Glenn had
been served with the subpoena, appellant has failed to show that he was
entitled to compel the officer’s appearance. 
The trial court did not err “by refusing to force [Sergeant Glenn] to
honor the issued subpoena,” as appellant claims. 

          We
overrule appellant’s fourth issue.  

Convicting Court’s Comments

          In
his fourth issue, appellant contends that the convicting court abused its
discretion by “literally testifying for [Sergeant Glenn], at the second session
of the hearing.”  

          As
discussed, the convicting court continued the Chapter 64 hearing because the
video feed allowing appellant to attend was disconnected.  At the beginning of the second phase of the hearing,
the convicting court summarized what had occurred at the earlier hearing and
engaged in discussions with the attorneys to gain an understanding of Sergeant
Glenn’s involvement in the case.  The
record does not reflect that the convicting court deviated from its role as a
neutral arbiter, as appellant intimates. 


          In
any event, as pointed out by the State, appellant did not object to any of the
statements by the trial court of which he now complains on appeal.  Absent a timely and specific objection to the
improper comments, any error was waived.  See Tex. R. App. P. 33.1(a); Sharpe v. State, 648 S.W.2d 705, 706
(Tex. Crim. App. 1983) (holding that any error in trial court’s comments is
waived absent an objection).

          We
overrule appellant’s fourth issue.

 

 

Finding of No Available
Evidence for Testing 

          In
his sixth issue, appellant contends that the convicting court erred in finding the
testimony of Barbara Anderson, post-trial exhibit clerk for the Harris County
District Clerk’s Office, to be credible. 
Appellant contends that the convicting court should not have believed
Anderson’s testimony regarding her efforts to locate the requested physical
evidence or her conclusion that the district clerk’s office no longer possesses
any physical non-documentary evidence for the instant case.  

          In
reviewing the convicting court’s Chapter 64 rulings, this Court gives “almost
total deference” to the convicting court’s findings of historical fact and
application-of-law-to-fact issues that turn on witness credibility and demeanor.  See Routier v. State, 273 S.W.3d 241, 246
(Tex. Crim. App. 2008).  In addition to
the deference we pay to the convicting court’s credibility determinations, we
note that Anderson’s testimony showed that she engaged in a detailed and
thorough search for the physical evidence in this case and that she was
familiar with the retention and destruction policies of the district clerk’s
office.  Anderson’s testimony
sufficiently supports the convicting court’s finding that there presently exists
no evidence containing biological material for DNA testing.  See Baranowski v. State, 176 S.W.3d 671, 676 (Tex.
App.—Texarkana 2005, pet. ref’d) (holding that
convicting court properly denied appellant’s motion for post-conviction DNA
testing because record supported finding that no evidence containing biological
material capable of DNA testing existed);  Lopez v. State, 114 S.W.3d 711, 717 (Tex. App.—Corpus Christi 2003, no pet.) (same).

          We
overrule appellant’s sixth issue.

Conclusion

          We
affirm the order of the convicting court denying appellant’s motion for DNA
testing. 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel consists of Chief Justice Radack and Justices
Higley and Brown.

Do not publish.  Tex. R. App. P. 47.2(b).











[1]
        Since its enactment, Chapter 64 has undergone
several amendments, most recently in 2011.  The effective date of the most recent amendments
is September 1, 2011.  See Act of June 17, 2011, 82nd Leg.,
R.S., ch. 278, § 5, 2011 Tex. Gen. Laws 882, 884; Act
of June 17, 2011, 82nd Leg., R.S., ch. 366, § 1, 2011
Tex. Gen. Laws 1015, 1015–16.  Appellant
filed his DNA motion in December 2009.  Thus,
the 2011 amendments do not apply.





[2]
        Appellant
has attached numerous documents to his appellate brief that are not part of the
record.  Because the documents are not
part of the appellate record, we may not consider them in resolving appellant’s
issues.  See Raspberry v. State, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976)
(documents attached to pro se supplemental brief not part of record and cannot
be considered by appellate court); Booth
v. State, 499 S.W.2d 129, 135 (Tex. Crim. App. 1973) (appellate court is
not authorized to consider documents attached to appellate brief that are not
part of the record).

 





[3]         Appellant contends that he was denied
his constitutional right to compulsory process when the convicting court did
not compel Sergeant Glenn’s appearance.  Under
both the United States Constitution and the Texas Constitution, a defendant
generally has a right to compulsory process in order to call witnesses to
testify on his behalf.  See U.S. CONST. amend.
VI; TEX. CONST. art. I, § 10.  However, the
Court of Criminal Appeals has made clear that the constitutional protections
afforded defendants in criminal trials do not apply to Chapter 64
proceedings.  See Ex parte Gutierrez, 337 S.W.3d 883, 892–93 (Tex. Crim. App. 2011) (“First, because a person’s
effort to secure testing under Chapter 64 does not involve any constitutional
considerations, the trial judge could properly consider the accomplices’
statements.  Although evidence offered
against a defendant at a criminal trial and challenged on constitutional
grounds must be admissible to give adequate protection to the values that
exclusionary rules are designed to serve, a Chapter 64 proceeding is not a ‘criminal
trial.’  Rather, it is an independent,
collateral inquiry into the validity of the conviction, in which exclusionary
rules have no place, and there are no constitutional considerations.  Article 64.03 does not require any
evidentiary hearing before the trial judge decides whether a convicted person
is entitled to DNA testing.  And, if a
hearing is held, the convicted person has no right to be present, no right to
confront or cross-examine witnesses, and no right to have hearsay excluded or
an affidavit considered.”); see also Thompson
v. State, 123 S.W.3d 781, 784–85 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d)
(“Unlike a criminal trial, a chapter 64 proceeding such as this one does not
implicate an appellant’s confrontation-clause rights because this type of
proceeding does not necessarily involve any witnesses or accusations against
the appellant. Rather, as set forth in chapter 64, the proceeding involves a
motion made by the applicant followed by the State's non-accusatory response
required under the statute.  This type of
proceeding is analogous to a habeas corpus proceeding in that it is an
independent, collateral inquiry into the validity of the conviction.  Therefore, as in a post-conviction writ of
habeas corpus proceeding, an applicant for a post-conviction DNA analysis
enjoys neither a presumption of innocence nor a constitutional right to be
present at a hearing.”) (citations omitted).