# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00499-CR

**Thomas Santellana, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT NO. CR2014-391, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Thomas Santellana, Jr., was charged by indictment with the felony offense of escape. *See* Tex. Penal Code § 38.06. He filed a pre-trial application for writ of habeas corpus, in which he contended that the double-jeopardy clauses of the United States and Texas Constitutions bar his prosecution. The trial court denied his application, and Santellana now appeals. We will affirm the trial court's order denying his application.

On appeal, Santellana argues that prosecution for escape would expose him to double jeopardy because he was already tried and convicted for offenses that he committed during the same episode that gave rise to his escape charge. Specifically, Santellana states that he was convicted of "multiple counts of Forgery, a count of Possession of a Controlled Substance, a count of Theft (over $1,500.00 less than $20,000.00), and a count of Tampering with Evidence" in a separate case. Santellana asserts that, during his trial for those offenses, the State introduced evidence of

his escape, which allegedly took place as Santellana was being transported to jail after his arrest for those offenses. Although Santellana was not tried or convicted for escape in his earlier trial, he argues that the double-jeopardy clauses bar his prosecution for escape because "the evidence of escape was part of the prosecution of the case in the [earlier] trial . . . and used to support both the verdict and punishment of the Appellant."

However, Santellana has not included the record from his earlier trial in the record before us in this case.[1] The only reporter's record before us is the record for the hearing on Santellana's pre-trial habeas application. Moreover, it is not clear from the record before us that the record of Santellana's previous trial was before the trial court when it denied his habeas application. Because Santellana has not provided us with a record of his previous trial and demonstrated from that record how the State used evidence of his alleged escape during the trial, we conclude that Santellana has not met his burden of showing that he is entitled to habeas relief. *See Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993) ("A writ applicant has the burden of proving the facts

---

[1] Santellana has attached portions of the reporter's record for his earlier trial to his appellate brief in this case. However, documents attached to a brief are not part of the record and will not be considered by this Court. *See Raspberry v. State*, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976) ("We note that the documents attached to the pro se brief are not part of the record and cannot be considered by this Court."); *Polsky v. State*, No. 03-14-00068-CV, 2016 WL 2907975, at *8 (Tex. App.—Austin May 13, 2016, pet. abated) (mem. op., not designated for publication) ("We are not permitted to consider documents attached to an appellate brief that do not appear in the record."); *Cantrell v. State*, No. 10-12-00269-CR, 2014 WL 2069279, at *6 (Tex. App.—Waco May 15, 2014, no pet.) (mem. op., not designated for publication) (refusing to consider booking record included in appellant's appendix); *Williams v. State*, No. 07-12-00285-CR, 2013 WL 4779728, at *1 (Tex. App.—Amarillo Sept. 5, 2013, no pet.) (mem. op., not designated for publication) ("[A]ppellant has not presented us with an appellate record sufficiently adequate to resolve the dispute, and his attaching the missing document to his brief does not fill the void."). Moreover, even if these excerpts were properly before us, Santellana does not call our attention to any particular passages or explain how these excerpts entitle him to habeas relief.

which would entitle the applicant to relief."); *Ex parte Escobedo*, No. 04-17-00150-CV, 2017 WL 1161139, at *1 (Tex. App.—San Antonio Mar. 29, 2017, no pet. h.) (mem. op., not designated for publication) (per curiam) ("Relator bears the burden of providing this court with a record sufficient to establish his right to habeas corpus relief."); *State v. Mutei*, No. 08-15-00056-CR, 2017 WL 542025, at *5 (Tex. App.—El Paso Feb. 10, 2017, no pet. h.) (not designated for publication) ("An applicant for a writ of habeas corpus bears the burden of proving his allegations by a preponderance of the evidence. The applicant also bears the burden of ensuring that a sufficient record is presented to show error requiring reversal on appeal.") (citation omitted); *Ex parte Riley*, No. 03-16-00350-CR, 2016 WL 6068254, at *3 (Tex. App.—Austin Oct. 11, 2016, pet. ref'd) (mem. op., not designated for publication) ("The applicant bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief."); *Stanley v. State*, No. 03-13-00585-CR, 2015 WL 4911801, at *1 (Tex. App.—Austin Aug. 14, 2015, pet. ref'd) (mem. op., not designated for publication) ("When raising a double-jeopardy claim on a pretrial writ of habeas corpus, the applicant bears the burden of proof under a preponderance of the evidence standard.").

Accordingly, we affirm the trial court's order denying Santellana's application for writ of habeas corpus.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed

Filed:   April 26, 2017

Do Not Publish

3