**Affirmed and Memorandum Opinion filed May 24, 2018.**



**In the**

# Fourteenth Court of Appeals

---

## NO. 14-17-00260-CR

---

## EX PARTE ANDRZEJ JOZEF ADAMSKI

---

**On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1434082**

---

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain with the State, appellant Andrzej Jozef Adamski pleaded guilty to deadly conduct and received two years of deferred-adjudication community supervision. Appellant filed a habeas application under article 11.072 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 11.072 (West 2017). Appellant claimed that he received ineffective assistance from plea counsel, rendering his plea involuntary. The trial court conducted a hearing and denied appellant relief. We affirm.

### I.   BACKGROUND

In September 2014, appellant, a retired physician, was indicted for the felony offense of aggravated assault with a deadly weapon, a firearm, alleged to have occurred on July 5, 2014. In September 2015, pursuant to a plea bargain with the State, appellant entered a plea of guilty to a misdemeanor charge of deadly conduct and was placed on deferred-adjudication community supervision for two years. Appellant subsequently filed a motion for new trial and for withdrawal of guilty plea, which the trial court denied.

In December 2015, appellant filed an application for writ of habeas corpus in which he claimed that his plea counsel provided ineffective assistance of counsel (IAC) because she failed to properly advise him about the consequences of his plea, which rendered his guilty plea involuntary. Plea counsel filed an affidavit pursuant to an order of the trial court. In September 2016, the trial court held an evidentiary hearing. Appellant and his plea counsel testified at the hearing.

In an order signed March 16, 2017, the trial court denied appellant's writ of habeas corpus. The order contains the following pertinent findings of fact:

*Alleged Ineffective Assistance of Trial Counsel*

10. The Applicant claims trial counsel was ineffective for . . . allowing the Applicant to plead guilty and suffer a future collateral consequence that he allegedly told counsel that he wanted to avoid . . . .

11. The collateral consequences the Applicant claims he wanted to avoid were any negative impacts on his medical license.

12. [Plea counsel] testified that she was aware the Applicant was a retired physician.

13. [Plea counsel] testified that she advised the Applicant to speak to an attorney about how a plea could impact his medical license. She explained to the Applicant that she did not practice in that area and recommended he talk to someone before taking the plea.

14. [Plea counsel] testified that she explained the consequences of trial and the consequences of the plea agreement to the Applicant.

2

15. [Plea counsel] testified that the victim of the Aggravated Assault was cooperating with the prosecution and willing to testify. [Plea counsel] testified the State was not willing to entertain a Pre-Trial Diversion or an Anger Management course in exchange for a dismissal, particularly because there was also a child present during the Aggravated Assault.

16. [Plea counsel] testified that she had the Applicant initial next to each admonishment on his plea paperwork so that he was fully informed of the consequences of his plea. [Plea counsel] identified the initials on said paperwork.

17. [Plea counsel] testified that the Applicant was aware that entering into the plea agreement could negatively impact his medical license.

*Applicant Testimony*

18. The Applicant testified that, in addition to being a licensed physician in several states, he was a captain for Harris County Precinct 4. On cross examination, the Applicant refused to admit that his commission had expired and that he was no longer a Texas peace officer.

. . .

22. On cross examination, the Applicant refused to admit that his medical license[s] in Oklahoma and New York were still showing as "valid" as of September 12, 2016 despite his claim that the plea resulted in his loss of medical license.

23. The Applicant admitted that he was in fact a retired physician and not currently practicing medicine. Therefore, even if the plea had resulted in the loss of his medical license, he would have suffered no harm.

The order contains the following pertinent conclusions of law:

8. The Applicant has provided no evidence that trial counsel's representation fell below an objective standard of reasonableness. The Applicant's own initials and signature on the plea paperwork indicate that he was informed of the consequences of his plea and made the plea voluntarily.

9. The Applicant provided no evidence that but for trial counsel's alleged errors, the results of the pleading would have been different.

3

The plea was entered on the day of trial and, as [plea counsel] explained, the victim of the Aggravated Assault was willing to testify. [Plea counsel] testified that the State was not willing to entertain a Pre-Trial Diversion or an Anger Management course in exchange for a dismissal.

10. The Applicant's grounds are meritless. He has shown no negative impact as a result of his plea agreement. The Applicant's hind-sighted regret of taking a plea does not render the plea involuntary in the absence of any deficient conduct by counsel.

11. The Court concludes that trial counsel was not ineffective and the Applicant's plea should not be withdrawn.

Appellant timely appealed.

## II.   ANALYSIS

### A. Habeas corpus standards

The writ of habeas corpus is "an extraordinary remedy" to be used when a person is restrained in his liberty. *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). Article 11.072 of the Code of Criminal Procedure establishes the procedures to apply for a writ of habeas corpus in a criminal case in which the applicant was placed on community supervision. Tex. Code Crim. Proc. art. 11.072, § 1. Unless the trial court determines from the face of an application or documents attached to an application that it must deny the application as frivolous, the court must enter findings of fact and conclusions of law. *Id.* § 7(a).

We review a ruling on an application for writ of habeas corpus for an abuse of discretion. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). A trial court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). An applicant seeking post-conviction habeas corpus relief has the burden to establish by a preponderance of the evidence that the facts entitle

4

him to relief.  *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

This court must review the record "in the light most favorable to the trial court's ruling."  *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  The trial court is the sole finder of fact in a post-conviction application for writ of habeas corpus filed under article 11.072.  *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016).  As a result, appellate courts have "less leeway" to disregard the trial court's findings in the article 11.072 context.  *Ex parte Garcia*, 353 S.W.3d at 788. Reviewing courts defer to the trial court's factual findings that are supported by the record.  *See Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). We will uphold the trial court's judgment as long as it is correct on any theory of law applicable to the case.  *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

## B. IAC

A defendant has a constitutional right to effective assistance of counsel in plea proceedings.  *Ex parte Reedy*, 282 S.W.3d 492, 500–01 (Tex. Crim. App. 2009); *see also* U.S. Const. amend. VI; Tex. Const. art. I, § 10.  This right extends to the plea-bargaining process.  *See Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991).

A guilty plea resulting from IAC is not knowing and voluntary.  *Ex parte Niswanger*, 335 S.W.3d 611, 614–15 (Tex. Crim. App. 2011), *abrogated in part on other grounds by Cornwell v. State*, 471 S.W.3d 458 (Tex. Crim. App. 2015).  A guilty plea that is not knowing and voluntary is invalid.  *See N. Carolina v. Alford*, 400 U.S. 25, 31 (1970) (guilty plea is valid only if it "represents a voluntary and intelligent choice among the courses of action open to the defendant").

When an applicant for habeas corpus relief challenges the validity of a plea entered upon the advice of counsel and contends that his counsel was ineffective, he

5

must show that: (1) counsel's advice with respect to accepting a plea offer did not fall within the range of competence demanded of attorneys in criminal cases, and (2) but for the attorney's errors or deficiencies, there is a reasonable probability the applicant would not have pleaded guilty to the charged offense and would have insisted on going to trial. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010) (citing *Ex parte Reedy*, 282 S.W.3d at 500; *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999)); *see Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex Parte Torres*, 483 S.W.3d at 47 ("This Court has regularly applied the *Hill* prejudice test in analogous situations involving a post-conviction attack on the validity of a guilty plea based on counsel's alleged error in a plea proceeding."). We consider the totality of the circumstances in determining whether counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

## C. Appellant did not meet his burden to prove deficient performance.

Appellant argues that the trial court erred in finding his guilty plea was voluntary where his plea counsel did "not advise[] him that an order of nondisclosure would not prevent licensing authorities from obtaining access to information regarding his case" and "failed to fully advise him of the various possible consequences of his plea or of possible alternative options."

As the reviewing court, we indulge a strong presumption that counsel's actions and decisions fell within the wide range of reasonable professional assistance. *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the ineffectiveness. *Ex parte Wolf*, 296 S.W.3d at 168–69. A habeas applicant has the burden to show by a preponderance of the evidence that counsel's performance fell below a reasonable

standard of competence.  *See Ex parte Moody*, 991 S.W.2d at 858.

The burden lies with appellant to provide us with an appellate record sufficient to resolve the issue he presents.  *See Guajardo v. State*, 109 S.W.3d 456, 462 & n.17 (Tex. Crim. App. 2003).  In his brief, appellant attempts to rely on excerpts of testimony allegedly from the evidentiary hearing.  Appellant also indicates that affidavits from five criminal defense attorneys were "attached at the end of" the reporter's record, presumably admitted as evidence at the habeas hearing.[1]  The trial court ordered the court reporter to prepare and file the reporter's record at no cost to appellant.  No reporter's record was filed.  After this court ordered that the reporter's record be filed, the court reporter filed an information sheet expressly stating that there was no reporter's record.  The record on appeal contains no transcription of the September 12, 2016 habeas hearing.  Appellant has not attempted to supplement the record with any such reporter's record.  Excerpts from an alleged reporter's record included within a brief are not part of the record and will not be considered by this court.  *See Raspberry v. State*, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976).

Here, the trial court found plea counsel testified she recommended to appellant that he speak to another attorney about how a guilty plea could impact his medical license before taking the plea because she did not practice in that area.  The trial court found that plea counsel testified the State was not willing to entertain pretrial diversion or an anger-management course in exchange for a dismissal, particularly because there was a child present during the aggravated assault.[2]  In addition, the trial court found plea counsel testified appellant was aware that entering into the plea

---

[1] Only four affidavits from criminal defense attorneys appear in the clerk's record. Appellant states that the affidavits say the attorneys would have talked to their client about the nondisclosure exceptions, but does not otherwise differentiate among the affidavits.

[2] There is no dispute that appellant's then eight-year-old daughter was a passenger in his car during the incident in question.

7

agreement could negatively impact his medical license. The trial court concluded that appellant provided no evidence that plea counsel's representation fell below an objective standard of reasonableness.

Even assuming solely for purposes of our analysis that the referenced excerpts were part of the record and accurately reflected testimony from the hearing, appellant has not presented sufficient evidence to satisfy *Strickland*'s deficient-performance prong. We conclude that the trial court did not abuse its discretion by denying appellant's habeas application.

### 1. *Ex parte Wolf* is distinguishable.

Appellant relies on *Ex parte Wolf*. The defendant in *Ex parte Wolf* was a junior in college when he was charged with theft of clothing valued between $500 and $1,000. 296 S.W.3d at 162. Wolf told his lawyer he wanted to have a "clear record" so he could work in the financial services industry after graduation. *Id.* at 163. The lawyer gave Wolf two options: plead guilty and accept deferred-adjudication community supervision, or plead not guilty and go to trial. *Id.* The lawyer told Wolf, if he successfully completed his community supervision, his record could be sealed. *Id.* The lawyer did not tell him, however, that the licensing agency for the financial industry would have access to Wolf's sealed record. *Id.* at 163–64. The lawyer also did not present other options besides pleading guilty or not guilty, including pretrial diversion and a "Class C special expense," which would allow Wolf's record to be expunged if he satisfied certain requirements. *Id.* at 162 n.1, 164. Wolf pleaded guilty. The trial court deferred adjudication, placed Wolf on community supervision, and signed an order for nondisclosure after Wolf successfully completed his community supervision. *Id.* at 162. Wolf later worked in the financial services sector as a custody-fund accountant. His employer discovered Wolf's arrest and fired him based on the arrest. *Id.*

8

Wolf applied for a writ of habeas corpus alleging his guilty plea was involuntary because it resulted from IAC. *Id.* His plea counsel testified at the habeas hearing that he did not apply for pretrial diversion for Wolf because he did not believe Wolf would get pretrial diversion. *Id.* at 163. Counsel believed he asked the prosecutor for a Class C special expense, but he did not give the prosecutor any information in support of his request. *Id.*

Wolf submitted affidavits from nine criminal defense lawyers, each of whom testified about his or her success in obtaining pretrial diversion or a Class C special expense for defendants similar to Wolf (e.g., high school and college students with professional aspirations, people in their 20s with no criminal records). *See id.* at 164. Seven of the lawyers believed a reasonably competent criminal defense lawyer in the county in which Wolf was charged would try to obtain pretrial diversion or a Class C special expense for a first offender charged with misdemeanor theft; two lawyers stated there was a reasonable possibility that Wolf would have been eligible for expunction of his record. *See id.* at 164–65. The habeas court granted Wolf's application for writ of habeas corpus, and we affirmed. *Id.* at 165, 171.

*Ex parte Wolf*, however, is distinguishable in two key respects. First, unlike here, the applicant in *Ex parte Wolf* submitted evidence supporting his position that his plea counsel's actions and advice fell below the prevailing professional norms for representation of a defendant like him. *See id.* at 164. Second, again unlike here, the trial court in *Ex parte Wolf* granted the application for writ of habeas corpus after finding Wolf's plea counsel provided IAC. We therefore reviewed the record in the light most favorable to that ruling. *See id.* at 166 (citing *Kniatt*, 206 S.W.3d at 664). In appellant's case, we must review the record in the light most favorable to the trial court's denial of habeas relief. *See Kniatt*, 206 S.W.3d at 664.

## 2. Plea counsel's advice regarding appellant's medical license

Appellant argues that "[b]eing unqualified to represent appellant on the license issue is not the same thing as informing him that a nondisclosure order would expose him to possible action by the Board in the future," which is "part of competent advice on the potential consequences of his plea." In other words, appellant faults plea counsel for referring him to outside counsel rather than advising him herself on the plea's potential future effects on his medical license.[3]

Appellant's assertion appears to be contrary to the disciplinary rules governing lawyers in Texas. That is, "a lawyer shall not accept or continue employment in a legal matter which the lawyer knows or should know is beyond the lawyer's competence" unless another lawyer who is competent to handle the matter is, with the client's consent, associated in the matter. *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.01(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013). Here, after appellant received a letter of inquiry related to his criminal charge from one medical licensing board, plea counsel advised appellant to seek outside counsel regarding his license because that was not her practice area. *See Harris v. State*, 402 S.W.3d 758, 760–61 & n.2 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (matters involving disclosure and nondisclosure of criminal history record information under Texas Government Code are treated as civil, not criminal).

Appellant has not cited, nor have we have found, any authority suggesting plea counsel's advice that appellant refer his medical licensing questions to another attorney falls below prevailing professional norms for criminal defense attorneys. Although appellant presented affidavits by criminal defense attorneys stating that

---

[3] In an unpublished opinion, our court refused to find deficient performance in the context of a deferred-adjudication community-supervision plea bargain where plea counsel advised his client that he was not an expert in matters relating to the Board of Realtors and that she should seek outside counsel to advise her regarding her real estate license. *See Ex parte White*, No. 14-16-00278-CR, 2017 WL 455750, at *3, 6 (Tex. App.—Houston [14th Dist.] Feb. 2, 2017, pet. ref'd) (mem. op., not designated for publication).

they advise their clients about the availability of nondisclosure and explain that certain entities are exempt and can still access criminal records, none of the affidavits indicates referring clients out for advice on professional licensing issues falls outside the wide range of reasonable professional assistance. We conclude that appellant has not overcome the strong presumption of competence and has not shown deficient performance with regard to plea counsel's advice regarding potential negative impact on appellant's medical license. *See Ex parte Chandler*, 182 S.W.3d at 354.

### 3. Plea counsel's actions regarding possible alternative options

We also conclude that appellant has not shown deficient performance with regard to plea counsel's actions in connection with pursuing possible alternative options to the deferred-adjudication community-supervision plea bargain. The trial court found that plea counsel testified the State was not willing to entertain pretrial diversion or an anger-management course in exchange for a dismissal because there was a child present during the aggravated assault. This finding is consistent with plea counsel's affidavit, which stated that she asked the State about pretrial diversion for appellant but the State refused to offer it because of the nature of the offense.

Appellant nevertheless contends that plea counsel should have continued to pursue such alternatives by going up "the chain of command" to a supervising prosecutor. Again, appellant has not provided, and we have not located, any authority that suggests failing to do so falls below prevailing professional norms for criminal defense attorneys. No criminal defense attorney in his or her affidavit states that he or she successfully obtained pretrial diversion or dismissal in exchange for anger-management classes for other clients in circumstances analogous to appellant's. *Cf. Ex parte Wolf*, 296 S.W.3d at 164. The attorney affidavits do not state that reasonably competent counsel would have continued to pursue, or otherwise would have been successful in, such efforts. *Cf. id.* at 164–65. We

11

conclude that appellant has failed to overcome the strong presumption of competence and has not shown deficient performance with regard to plea counsel's actions regarding alternative options to the proposed plea agreement. *See Ex parte Chandler*, 182 S.W.3d at 354.

Because appellant did not prove plea counsel's performance was deficient, we do not address whether he demonstrated prejudice. *See Strickland*, 466 U.S. at 700. Appellant has not shown that the trial court abused its discretion in denying his habeas application. *See Ex parte Garcia*, 353 S.W.3d at 787.

### III. CONCLUSION

Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

/s/     Marc W. Brown
Justice

Panel consists of Justices Boyce, Jamison, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).